```
            UNITED STATES BANKRUPTCY COURT
           MIDDLE DISTRICT OF NORTH CAROLINA
                   GREENSBORO DIVISION

IN RE:                          )
                                )
Patricia Offer,                 )    Case No. 05-14122C-7G
                                )
        Debtor.                 )
                                )
```

MEMORANDUM OPINION

This case came before the court on February 21, 2006, for hearing upon motions by the Debtor to dismiss this Chapter 7 case or, alternatively, to convert this case to Chapter 13. The Debtor appeared with her attorney, Kenneth M. Johnson. Charles M. Ivey, III appeared as Chapter 7 Trustee, along with Marshall Shelton, attorney for the Trustee. Having considered the evidence offered at the hearing and the arguments of counsel, the court has concluded that the motions should be denied.

I.   The motion to dismiss.

In order to obtain the dismissal of a Chapter 7 case, the debtor must make a showing of cause and demonstrate why a dismissal is justified. See In re Watkins, 229 B.R. 907, 908 (Bankr. N.D. Ill. 1999); In re Parker, 101 B.R. 326, 328 (Bankr. E.D. Tenn. 1995). However, in the context of a motion to dismiss a Chapter 7 case, the interest of the creditors is paramount, and the debtor's motion to dismiss should be denied if there would be any prejudice to creditors as a result of dismissal. See In re Haney, 241 B.R. 430, 432 (Bankr. E.D. Ark. 1999); In re Eichelberger, 225 B.R. 437, 439 (Bankr. E.D. Mo. 1998).

Debtor's primary argument in support of her motion to dismiss is that she now has the ability to pay her creditors outside of bankruptcy.  According to the uncorroborated testimony of the Debtor, she has obtained employment since this case was commenced that will generate sufficient income for her to pay her creditors.  Even if this testimony is correct, however, it does not follow automatically that this case should be dismissed.  See In re Turpen, 244 B.R. 431, 434 (8th Cir. B.A.P. 2000)("the ability of the Debtors to repay their debts does not constitute adequate cause for dismissal").  There are other pertinent factors that must be considered in this case.  None of the creditors in this case has consented to dismissal and, in fact, dismissal is opposed by the Trustee.  Further, this is not a case in which the debtor has proceeded in good faith.  Section 521(3) of the Bankruptcy Code requires that a Chapter 7 debtor "cooperate with the trustee as necessary to enable the trustee to perform the trustee's duties under this title . . . ."  Section 521(4) requires a Chapter 7 debtor to "surrender to the trustee all property of the estate . . . ."  The Debtor flouted these statutory obligations.  Rather than cooperate with the Trustee, the Debtor interfered with and impeded the Trustee's efforts to perform his duties.  Even after being ordered to do so, the Debtor refused to turnover an automobile that was owned by the Debtor and which constituted property of the estate. Before finally obtaining possession of the

vehicle, the Trustee was required to file a motion and obtain an order providing for the assistance of the United States Marshal in obtaining possession of the vehicle.  The evidence presented at the hearing included nothing to cause the court to conclude that if this case were dismissed, the Debtor would deal with her creditors any differently outside of bankruptcy than she has dealt with the Trustee during this case.  No other proceeding is pending elsewhere through which the payment of Debtor's creditors could be handled if this case were dismissed.  To dismiss this case at this juncture, would inject an unacceptable degree of risk to creditors of not getting paid or experiencing significant difficulty and delay in being paid.

Having considered the totality of the circumstances presented in this case, the court concludes that the Debtor has not established cause for the dismissal of this case.  Accordingly, the Debtor's motion to dismiss this case will be denied.

II.  The motion to convert.

The Debtor's motion to convert was filed pursuant to section 706 of the Bankruptcy Code.  Her request for conversion to Chapter 13 was sought in the alternative and only if she could not obtain a dismissal of this case.  In fact, this case began as a Chapter 13 case, but was converted to Chapter 7 voluntarily by the Debtor after the Chapter 13 Trustee filed a motion to dismiss.  Thus, in actuality, the Debtor is seeking to "re-convert" her case

to Chapter 13. The cases are split on whether section 706 permits a re-conversion to Chapter 13 after a debtor has previously converted from Chapter 13 to Chapter 7.

One line of cases has concluded that a debtor's right to convert pursuant to section 706(a) is lost if the debtor has previously converted from Chapter 13 to Chapter 7 pursuant to section 1307, and that a subsequent "re-conversion" to Chapter 13 is not permitted. E.g., In re Hardin, 301 B.R. 298 (Bankr. C.D. Ill. 2003); In re Baker, 289 B.R. 764 (Bankr. M.D. Ala. 2003); In re Banks, 252 B.R. 399 (Bankr. E.D. Mich. 2000); In re Vitti, 132 B.R. 229 (Bankr. D. Conn. 1990); In re Bryan, 109 B.R. 534 (Bankr. D.D.C. 1990).

The other line of cases has concluded that the court has discretion to permit re-conversion and either allow or disallow re-conversion based on the particular facts of the case. E.g., In re Manouchehri, 320 B.R. 880 (Bankr. N.D. Ohio 2004); In re Wampler, 302 B.R. 601 (Bankr. S.D. Ind. 2003); In re Masterson, 141 B.R. 84 (Bankr. E.D. Va. 1992); In re Somers Corp., 123 B.R. 35 (Bankr. N.D. Ohio 1990); In re Johnson, 116 B.R. 224 (Bankr. D. Idaho 1990). Although this court agrees with these cases and concludes that it has the discretion to allow a re-conversion, the court also has concluded that re-conversion should not be allowed under the circumstances of this case.

The Trustee has challenged Debtor's good faith in seeking to

- 4 -

re-convert this case to Chapter 13.  A debtor seeking re-conversion whose good faith in seeking re-conversion has been questioned, bears the ultimate burden of proof on the issue.  See In re Manouchehri, 320 B.R. at 884.  The Debtor failed to show by a preponderance the good faith required in order for her motion to be granted.  As previously discussed, the Debtor sought to frustrate the bankruptcy process while in Chapter 7.  The Debtor offered no evidence that convinced the court that her approach would be any different in a different chapter of the Bankruptcy Code.  To the contrary, under the facts of this case, re-conversion to Chapter 13 would further an abuse of the bankruptcy process rather than implement the bankruptcy policy of repayment of creditors.  The motion to convert therefore will be denied.

    Separate orders denying the motion to dismiss and the motion to convert are being entered contemporaneously with the filing of this memorandum opinion.

PARTIES TO BE SERVED

Kenneth M. Johnson, Esq.
P.O. Box 21247
Greensboro, NC 27420

Marshal Shelton, Esq.
Charles M. Ivey, Esq.
P.O. Box 3324
Greensboro, NC 27402

Michael D. West, Bankruptcy Administrator